UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD WILLIAM HEADINGS,   Case No. 1:07-CV-933

    Plaintiff,   Hon. Richard Alan Enslen

v.

KENNETH W. SCHMIDT, *et al.*,

    Defendants.   **FINAL ORDER**

                                   /

This matter is before the Court on Plaintiff Todd William Headings' Objections to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of December 19, 2007. The Court entered an Order and Judgment on January 14, 2008, adopting the Report due to Plaintiff's improperly filed Objections. The Order and Judgment will be vacated and the Court will review the Report, Objections, and pertinent portions of the record *de novo* pursuant to 28 U.S.C. § 636(b). The Court reads Plaintiff's *pro se* Complaint and Objections indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accepts Plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Plaintiff argues his civil rights action was not "intended to be brought forth as a civil suit. It is a [sic] Instant Action Appeal, intended to be filed as a Habeas Corpus [sic]." (Obj. 1.) Upon review, the Court concludes Plaintiff's filing was mistakenly characterized because it clearly seeks habeas relief. Plaintiff's filing alleges illegal detainment, denial of due process, and seeks "an Order granting Discharge" and for all sentences to be vacated. (Compl. 1, 4–5.) Moreover, Plaintiff submitted a $5.00 filing fee, which, as the Magistrate Judge recognized in her Deficiency Order, "is the filing fee for a habeas corpus petition brought pursuant to 28 U.S.C. § 2254."

Accordingly, the Court treats Plaintiff's filing as a habeas corpus petition brought pursuant to § 2254. Rule 4 of the Rules Governing § 2254 Cases requires the Court to undertake a preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the Plaintiff is not entitled to relief in the district court." If so, the petition must be summarily dismissed. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999).

Habeas relief, since 1996, has been limited by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2241 *et seq.* There are three avenues for habeas relief: (1) for decisions "contrary" to federal law; (2) for an "unreasonable application" of federal law; and (3) for an "unreasonable determination of the facts." § 2254(d). A state court decision is "contrary to" federal law only when it "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor,* 529 U.S. 362, 412–13 (2000); *see also Biros v. Bagley*, 422 F.3d 379, 386 (6th Cir. 2005) (following *Williams*). A state court decision is an "unreasonable application" of federal law when it "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. Factual findings made by the state court, or by state appellate courts based upon the trial record, are presumed to be correct but may be rebutted by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Biros*, 422 F.3d at 386; *Bugh v. Mitchell,* 329 F.3d 496, 500 (6th Cir. 2003). If a state court has failed to review a particular claim,

AEDPA's deferential standard does not apply so courts must conduct a *de novo* review. *See McKenzie v. Smith*, 326 F.3d 721, 727 (6th Cir. 2003).

In support of habeas relief, Plaintiff argues that attorneys licensed by the State Bar of Michigan are not "licensed" to practice law in Michigan because the State Bar of Michigan is a voluntary association. Plaintiff suggests that attorneys can only be "licensed" in accordance with the British Accredited Registry ("BAR"). Thus, since the judge and attorneys involved in his conviction were not properly registered, Plaintiff's conviction is in violation of the Constitution. The Court finds Plaintiff's claims to be frivolous and without merit.

Pursuant to 28 U.S.C. § 2253, the Court must also assess whether to grant the issuance of a certificate of appealability. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). A certificate is to be issued if the resolution of the petition is debatable among reasonable jurists or adequate to deserve encouragement for some other reason. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983). Upon review, the Court determines that this standard is not met as to any of the grounds for relief asserted.

**THEREFORE, IT IS HEREBY ORDERED** that the Court's Order and Judgment of January 14, 2008 (Dkt. No. 7) is **VACATED**.

**IT IS FURTHER ORDERED** that Plaintiff Todd William Headings' Objections (Dkt. No. 8) are **GRANTED**, the Report and Recommendation (Dkt. No. 6) is **DENIED**, and the Order to Proceed *In Forma Pauperis* (Dkt. No. 5) is **VACATED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Dkt. No. 1) shall be construed as a Petition for Writ of Habeas Corpus.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus (Dkt. No. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**, and a certificate of appealability is **DENIED** as to all grounds asserted.

DATED in Kalamazoo, MI:
February 5, 2008

 /s/ Richard Alan Enslen
RICHARD ALAN ENSLEN
SENIOR UNITED STATES DISTRICT JUDGE